**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONAR SABA, a.k.a. Moner Saba, | No. 08-72437 |
| Petitioner, | Agency No. A095-629-959 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Monar Saba, a native and citizen of Egypt, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo legal determinations. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Saba established changed or extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (application filed 22 months after expiration of lawful nonimmigrant status expired was not reasonable). Accordingly, his asylum claim fails.

Additionally, substantial evidence supports the BIA's denial of Saba's withholding of removal claim because he failed to establish he was or would be persecuted on account of any protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (although direct proof of a persecutor's motives is not necessary, an applicant must provide some evidence he was persecuted because of a protected ground). Accordingly, his withholding of removal claim fails.

Finally, Saba has not made any argument in his opening brief with respect to the agency's denial of CAT relief. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**

08-72437